IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH, CAUSE BASED COMMERCE, INC., EDWARD J. BLUM, KERSTEN CONWAY, SUZANNE BETTAC, ROBERT KULL, KWANG JA KIRBY, TOM KIRBY, JOSEPH BAYLY, JEREMY ROTH, DEANNA ROTH, LYNN GIBBS, PAUL GIBBS, RHONDA THOMAS, JAMES ROMEO, CODY CARNETT, PHILLIP ARONOFF, JACQUELINE KLEIN,<br><br>Petitioners,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and THE UNITED STATES OF AMERICA,<br><br>Respondents. | *U.S. COURT OF APPEALS RECEIVED 12/30/2025 FIFTH CIRCUIT*<br><br><br><br>No. 25-_____<br><br>Agency CC Docket No. 96-45 |

PETITION FOR REVIEW

Pursuant to 5 U.S.C. § 706, 47 U.S.C. § 402, 28 U.S.C. §§ 2342–2344, and Federal Rule of Appellate Procedure 15(a), Consumers' Research, Cause Based Commerce, Inc., Edward J. Blum, Kersten Conway, Suzanne Bettac, Robert Kull, Kwang Ja Kirby, Tom Kirby, Joseph Bayly, Jeremy Roth, Deanna Roth, Lynn Gibbs, Paul Gibbs, Rhonda Thomas, James Romeo, Cody Carnett, Phillip Aronoff, Jacqueline Klein (collectively, "Petitioners") hereby petition this Court for review

1

of the United States Federal Communications Commission's ("FCC") approval ("Approval") of the *Proposed First Quarter 2026 Universal Service Contribution Factor*, CC Docket No. 96-45, DA-25-1026 (rel. Dec. 15, 2025) ("Proposed USF Tax Factor"), and for review of the Proposed USF Tax Factor. A copy of the Proposed USF Tax Factor is attached as Exhibit A. As explained below, no separate document was issued when the Proposed USF Tax Factor was deemed approved by the FCC on the expiration of December 29, 2025.

On November 1, 2025, Petitioners submitted to the FCC their objections explaining why the proposed tax is illegal and should be rejected or reduced. The Proposed USF Tax Factor was released on December 15, 2025. On December 16, 2025, Petitioners again submitted to the FCC their objections explaining why the proposed tax is illegal and should be rejected or reduced. Pursuant to 47 C.F.R. § 54.709(a)(3), "[i]f the Commission take[s] no action within fourteen (14) days of the date of release of the public notice announcing the projections of demand and administrative expenses, the projections of demand and administrative expenses, and the contribution factor shall be deemed approved by the Commission." 47 C.F.R. § 54.709(a)(3). The FCC took no action within 14 days of the December 15 release date, and accordingly the Proposed USF Tax Factor was "deemed approved by the Commission" at the expiry of December 29, 2025.

This Petition is timely filed. "Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of title 28." 47 U.S.C. § 402(a). Chapter 158 of Title 28 provides: "Any party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies." 28 U.S.C. § 2344. The FCC's regulation on filing petitions seeking review of FCC action, *see* 47 C.F.R. 1.13, states that the clock starts on "the date of public notice as defined in [47 C.F.R.] § 1.4(b)," but § 1.4(b) does not appear to cover the scenario where a proposal is "deemed approved" by the FCC without a separate action, as occurred here. It is standard administrative practice, however, that in such scenarios the petition deadline starts to run upon the date when the action was deemed approved. *See, e.g.*, *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (*en banc*). In an abundance of caution, however, Petitioners have filed this Petition within sixty days of *both* the release date of the Proposed USF Tax Factor *and* the FCC's subsequent Approval—rendering this Petition timely under any view.

To date, no court has addressed the validity of this particular Approval or Proposed USF Tax Factor. Jurisdiction and venue are proper under 47 U.S.C. § 402 and 28 U.S.C. §§ 2342 and 2343, because Petitioners are adversely affected by actions challengeable under 28 U.S.C. § 2342, *see also* 5 U.S.C. § 551(13), and

3

because Petitioners Kersten Conway (Texas), Suzanne Bettac (Texas), Robert Kull (Texas), Kwang Ja Kirby (Texas), Tom Kirby (Texas), James Romeo (Texas), Cody Carnett (Texas), Phillip Aronoff (Texas), and Jacqueline Klein (Texas) reside in this Circuit, *see* 28 U.S.C. § 2343, and pay a specific line item in each month's phone bill for the Universal Service Fund.

Petitioners seek review of the Approval and the Proposed USF Tax Factor on the grounds that they exceed the FCC's statutory authority and violate the Constitution and other federal laws, including:

(1)  47 U.S.C. §§ 254(c)(3) and (h)(2) are unconstitutional under the nondelegation doctrine, as explained by three dissenting Supreme Court Justices in a recent decision.

(2)  The Supreme Court recently held that the criteria in §§ 254(b)(1)–(6) and (c)(1) are *each* mandatory, but the Commission has denied that interpretation for thirty years. The Commission violated the APA by failing to (a) expressly acknowledge and respond to this drastic change in statutory meaning, and (b) substantively comply with the statute as interpreted by the Supreme Court. The Commission cannot simply go about its business as if nothing ever changed. And it cannot provide *post hoc* justifications, either.

(3) USAC's involvement in collecting and spending money on the back end for USF amounts to an unconstitutional delegation of Article II executive powers.

(4) The Commission lacks statutory authority to appoint USAC as the permanent administrator of the USF, which means USAC cannot collect or spend USF moneys for the challenged quarter.

(5) USAC violates the Government Corporation Control Act, which bars agencies from creating new corporate agents without express authorization from Congress.

(6) USAC's and private carriers' self-interest violates due process.

(7) The FCC's action and inaction are otherwise contrary to law.

Petitioners reserve the right to modify, add, or abandon grounds.

Petitioners respectfully request that this Court (1) grant the Petition and hold that the Approval and the Proposed USF Tax Factor are unlawful in whole or in part; (2) vacate, enjoin, and set them aside in whole or in part; and (3) provide such other relief as this Court deems appropriate, including ordering refunds of Petitioners' payments and attorneys fees.

Dated: December 30, 2025              Respectfully submitted,

*/s/ Laura B. Ruppalt*

JARED M. KELSON
LAURA B. RUPPALT
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, #900
Washington, DC 20006
(202) 955-0620
lruppalt@boydengray.com

## CERTIFICATE OF SERVICE

I certify that on this date, the foregoing Petition for Review was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system.

I further certify that I will timely email a copy of the date-stamped Petition to LitigationNotice@fcc.gov. *See* 47 C.F.R. § 1.13(a)(1).

I will also cause a copy of the date-stamped Petition to be sent via certified mail to:

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Secretary
Federal Communications Commission
Office of the Secretary
45 L Street NE
Washington, DC 20554

    Respectfully submitted,

    */s/ Laura B. Ruppalt*

    *Counsel for Petitioners*

# Ex. A

# PUBLIC NOTICE

**Federal Communications Commission**
45 L Street NE
Washington, DC 20554

News Media Information 202-418-0500
Internet: www.fcc.gov

---

DA 25-1026
Released: December 15, 2025

### Proposed First Quarter 2026 Universal Service Contribution Factor

CC Docket No. 96-45

In this Public Notice, the Office of Managing Director (OMD) announces that the proposed universal service contribution factor for the first quarter of 2026 will be 0.376 or 37.6 percent.[1]

**Rules for Calculating the Contribution Factor**

Contributions to the federal universal service support mechanisms are determined using a quarterly contribution factor calculated by the Federal Communications Commission (FCC or Commission).[2] The Commission calculates the quarterly contribution factor based on the ratio of total projected quarterly costs of the universal service support mechanisms to contributors' total projected collected end-user interstate and international telecommunications revenues, net of projected contributions.[3]

**USAC Projections of Demand and Administrative Expenses**

Pursuant to section 54.709(a)(3) of the Commission's rules,[4] the Universal Service Administrative Company (USAC) submitted projections of demand and administrative expenses for the first quarter of 2026.[5] Accordingly, the projected demand and expenses are as follows:

| Dollars in Millions | | | | |
|---|---|---|---|---|
| USF Programs | Demand | Administrative Expenses | Prior Period Adjustment | Contribution Requirement |
| Schools & Libraries | $628.68 | $19.76 | $0.49 | $648.93 |
| Rural Health Care | $173.56 | $7.41 | $0.14 | $181.11 |
| High Cost | $1,075.70 | $16.26 | -$86.51 | $1,005.45 |
| Lifeline | $274.25 | $18.09 | -$67.06 | $225.28 |
| TOTAL | $2,152.19 | $61.52 | -$152.94 | $2,060.77 |

---

[1] *See* 47 C.F.R. § 54.709(a).
[2] *See id.*
[3] *See* 47 C.F.R. § 54.709(a)(2).
[4] *See* 47 C.F.R. § 54.709(a)(3).
[5] *See* Federal Universal Service Support Mechanisms Quarterly Fund Size Projections and Contribution Base available at www.usac.org/fcc-filings.

**USAC Projections of Industry Revenues**

USAC submitted projected collected end-user telecommunications revenues for January 2026 through March 2026 based on information contained in the Telecommunications Reporting Worksheet (FCC Form 499-Q)[6]. Accordingly, the total projected collected interstate and international end-user telecommunications revenues for the first quarter 2026 is as follows:

$7.604471 billion

**Adjusted Contribution Base**

To determine the quarterly contribution base, the FCC decreases the first quarter 2026 estimate of projected collected interstate and international end-user telecommunications revenues by the projected revenue requirement to account for circularity and decrease the result by one percent to account for uncollectible contributions. Accordingly, the quarterly contribution base for the first quarter of 2026 is as follows:

Adjusted Quarterly Contribution Base for Universal Service Support Mechanism

= (First Quarter 2026 Revenues - Projected Revenue Requirement) * (100% - 1%)
= ($7.604471 billion - $2.060770 billion) * 0.99
= $5.488264 billion

**Unadjusted Contribution Factor**

Using the above-described adjusted contribution base and the total program collection (revenue requirement) from the table above, the proposed unadjusted contribution factor for the first quarter of 2026 is as follows:

Contribution Factor for Universal Service Support Mechanisms

= Total Program Collection / Adjusted Quarterly Contribution Base
= $2.060770 billion / $5.488264 billion
= 0.375487

**Unadjusted Circularity Factor**

USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter. Accordingly, the proposed unadjusted circularity factor for the first quarter of 2026 is as follows:

Unadjusted Circularity Factor for Universal Service Support Mechanisms

= Total Program Collection / Projected First Quarter 2026 Revenues
= $2.060770 billion / $7.604471 billion
= 0.270995

---

[6] *USAC Filings of Quarterly Contribution Base* at 5.

2

**Proposed Contribution Factor**

The Commission has directed OMD to announce the contribution factor as a percentage rounded up to the nearest tenth of one percent.[7] Accordingly, the proposed contribution factor for the first quarter of 2026 is as follows:

37.6%

**Proposed Circularity Discount Factor**

The Commission also has directed OMD to account for contribution factor rounding when calculating the circularity discount factor.[8] Accordingly, the proposed circularity factor for the first quarter of 2026 is as follows:

0.271990[9]

**Conclusion**

If the Commission takes no action regarding the projections of demand and administrative expenses and the proposed contribution factor within the 14-day period following release of this Public Notice, they shall be deemed approved by the Commission.[10] USAC shall use the contribution factor to calculate universal service contributions for the first quarter of 2026. USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter.[11] USAC includes contribution obligations less the circularity discount in invoices sent to contributors. Contribution payments are due on the dates shown on the invoice. Contributors will pay interest for each day for which the payments are late. Contributors failing to pay contributions in a timely fashion may be subject to the enforcement provisions of the Communications Act of 1934, as amended, and any other applicable law. In addition, contributors may be billed by USAC for reasonable costs of collecting overdue contributions.[12]

The FCC also emphasizes that carriers may not markup federal universal service line-item amounts above the contribution factor.[13] Thus, carriers may not, during the first quarter of 2026, recover

---

[7] *See Federal-State Joint Board on Universal Service, 1998 Biennial Regulatory Review – Streamlined Contributor Reporting Requirements Associated with Administration of Telecommunications Relay Service, North American Numbering Plan, Local Number Portability, and Universal Service Support Mechanisms, Telecommunications Services for Individuals with Hearing and Speech Disabilities, and the Americans with Disabilities Act of 1990, Administration of the North American Numbering Plan and North American Numbering Plan Cost Recovery Contribution Factor and Fund Size, Number Resource Optimization, Telephone Number Portability, Truth-in-Billing and Billing Format*, CC Docket Nos. 96-45, 98-171, 90-571, 92-237, 99-200, 95-116, 98-170, Order and Second Order on Reconsideration, 18 FCC Rcd 4818, 4826, para. 22 (2003) (*Second Order on Reconsideration*).
[8] *Id*.
[9] The proposed circularity discount factor = 1 + [(unadjusted circularity discount factor – 1) * (unadjusted contribution factor / proposed contribution factor)]. The proposed circularity discount factor is calculated in a spreadsheet, which means that internal calculations are made with more than 15 decimal places.
[10] *See* 47 C.F.R. § 54.709(a)(3).
[11] USAC will calculate each individual contributor's contribution in the following manner: (1-Circulatory Factor) * (Contribution Factor*Revenue)
[12] *See* 47 C.F.R. § 54.713.
[13] *See* 47 C.F.R. § 54.712.

3

through a federal universal service line item an amount that exceeds 37.6 percent of the interstate telecommunications charges on a customer's bill.

In addition, under the limited international revenues exception (LIRE) in section 54.706(c) of the Commission's rules, a contributor to the universal service fund whose projected collected interstate end-user telecommunications revenues comprise less than 12 percent of its combined projected collected interstate and international end-user telecommunications revenues shall contribute based only on projected collected interstate end-user telecommunications revenues, net of projected contributions.[14] The rule is intended to exclude from the contribution base the international end-user telecommunications revenues of any entity whose annual contribution, based on the provider's interstate and international end-user telecommunications revenues, would exceed the amount of its interstate end-user revenues.[15] The proposed contribution factor exceeds 12 percent, which the FCC recognizes could result in a contributor being required to contribute to the universal service fund an amount that exceeds its interstate end-user telecommunications revenue. Should a contributor face this situation, the contributor may petition the Commission for waiver of the LIRE threshold.[16]

For further information, please contact Daniel Daly at (202) 418-1832, in the Office of Managing Director.

---

[14] *See* 47 C.F.R. § 54.706.

[15] *See Federal-State Joint Board on Universal Service*, Sixteenth Order on Reconsideration, CC Docket No. 96-45, Eighth Report and Order, CC Docket No. 96-45, Sixth Report and Order, Docket No. 96-262, 15 FCC Rcd 1679, 1687-1692, paras. 17-29 (1999) (*Fifth Circuit Remand Order*).

[16] Generally, the Commission's rules may be waived for good cause shown. 47 C.F.R. § 1.3. The Commission may exercise its discretion to waive a rule where the particular facts make strict compliance inconsistent with the public interest. *Northeast Cellular Telephone Co. v. FCC*, 897 F.2d 1164, 1166 (D.C. Cir. 1990) (*Northeast Cellular*). In addition, the Commission may consider considerations of hardship, equity, or more effective implementation of overall policy on an individual basis. *WAIT Radio v. FCC*, 418 F.2d 1153, 1159 (D.C. Cir. 1969); *Northeast Cellular*, 897 F.2d at 1166. Waiver of the Commission's rules is therefore appropriate only if special circumstances warrant a deviation from the general rule, and such deviation will serve the public interest. *Northeast Cellular*, 897 F.2d at 1166; 47 C.F.R. § 54.802(a).